IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIA BAUTISTA, individually and on behalf of those similarly situated, 265 Crown Drive Easton, PA 18040  Plaintiff,  v.  TROPICAL INDUSTRIES, INC. 450 Fayette Street Perth Amboy, NJ 08861  Defendant. | No.  INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA  INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME WAGES UNDER PENNSYLVANIA MINIMUM WAGE ACT AND PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW  **JURY TRIAL DEMANDED** |

**INDIVIDUAL, COLLECTIVE, AND CLASS ACTION CIVIL COMPLAINT**

Named Plaintiff Elia Bautista (hereinafter referred as "Named Plaintiff"), individually and on behalf of those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Tropical Industries, Inc. (hereinafter referred to as "Defendant").

**INTRODUCTION**

1. Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA") and Pennsylvania Wage Payment and Collection Law ("PWPCL"). Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and similarly situated employees overtime in violation of the FLSA and the PMWA during the new-hire training period.

**JURISDICTION AND VENUE**

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the claims herein arise under laws of the United States, specifically the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**PARTIES**

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual with an address as set forth above.

8. Defendant is a business headquartered in New Jersey at the address set forth above.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

10. Named Plaintiff bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendant as Sales Representatives and/or in other similar positions subject to Defendant's pay practices and policies described herein and who received

compensation for a workweek spent in new-hire training as described herein at any point during the period from three years preceding the date the instant action was commenced through the present (the members of this putative class are referred to as "Collective Plaintiffs").

11. Named Plaintiff and Class Plaintiffs are similarly situated, have substantially similar pay provisions, underwent substantially similar training upon being hired, and are all subject to Defendant's unlawful policies and practices, as discussed *infra*.

12. There are numerous similarly situated current and former employees of Defendant who were improperly compensated for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

13. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

14. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

15. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS
### (Pennsylvania Minimum Wage Act ("PMWA") and Pennsylvania Wage Payment and Collection Law ("PWPCL"))

16. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

17.     Named Plaintiff bring claims asserting violations of PMWA and PWPCL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure individually and on behalf of all persons presently and formerly employed by Defendant as Sales Representatives and/or in other similar positions subject to Defendant's pay practices and policies described herein and who received compensation for a workweek spent in new-hire training as described herein at any point during the period from three years preceding the date the instant action was commenced through the present (the members of this putative class are referred to as "Class Plaintiffs").

18.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be at least forty (40) employees.

19.     Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Class Plaintiffs, was subject to the same unlawful wage policies and practices of Defendant.

20.     Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

21.     Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and have refused to end these policies.

22. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

24. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are (1) whether Named Plaintiff and Class Plaintiffs were covered by the outside salesperson exemption during the workweeks in which they underwent new-hire training; (2) whether Defendant failed to properly pay overtime to Class Plaintiffs for all hours worked more than 40 in a workweek during the new-hire training period, and (3) whether Defendant had any good faith basis to conclude that its failure to pay Class Plaintiffs at least 1.5 times their regular rates for hours worked more than 40 hours during new-hire training workweeks was lawful.

## FACTUAL BACKGROUND

25. The foregoing paragraphs are incorporated herein as if set forth in full.

26. Defendant is a food manufacturer who contracts with retail stores to carry and sell its products to the stores' customers.

27. Defendant employed/employs individuals as sales representatives and/or in other similar positions to travel to retail stores and take orders for Defendant's products to be stocked in said stores.

28. From on or around June 20, 2022 to in or around January 2023, Named Plaintiff worked as a sales representative for Defendant.

29. Collective and Class Plaintiffs worked/work for Defendant as sales representatives.

30. Hereinafter, Named Plaintiff, Collective Plaintiffs, Class Plaintiffs collectively are referred to as "Plaintiffs."

31. Defendant assigned/assign a list of its clients' retail stores to each Plaintiff.

32. Each workday, Plaintiffs travelled/travel along their route to stores assigned to them to obtain orders.

33. Defendant paid Plaintiffs a base salary per workweek plus commissions on the orders obtained from stores along their routes.

34. Each Plaintiff underwent/undergoes a multiple week period of training upon commencing employment at Defendant (*i.e.,* new-hire training period).

35. During the first two (2) workweeks of Named Plaintiff's new-hire training period, Named Plaintiff accompanied other experienced sales representatives on their routes.

36. During these two (2) workweeks, Named Plaintiff merely observed the experience sales representatives as they interacted with client store management and made and submitted orders via a tablet computer.

37. At no time during these two (2) workweeks did Named Plaintiff make any decisions about what orders to place or have substantive discussions with any client store managers.

38. This two-week period was followed by an additional three (3) weeks of training, during which Named Plaintiff's manager, Carol Gomez (hereinafter "Manager Gomez"), accompanied Named Plaintiff along her route.

39. During this period, Manager Gomez handled all substantive interactions with store management and made all decisions regarding making orders.

40. During this period, Named Plaintiff handled the physical task of inputting and submitting the orders via the tablet computer.

41. Accordingly, during Named Plaintiff's new-hire training period, her primary duty was not making sales, thus making the outside salesperson exemption inapplicable to her.

42. During at least the first workweek of their employment, Collective and Class Plaintiffs shadowed experienced sales representatives along their routes, observing them work but refraining from substantive interactions with store managers or making decisions regarding making orders.

43. During at least one (1) additional workweek following the workweek(s) spent shadowing experienced sales representatives, Collective and Class Plaintiffs worked their own routes accompanied by managers, who handled all substantive interactions with store management and made all decisions regarding making orders.

44. Accordingly, during Collective and Class Plaintiffs' new-hire training periods, their primary duties were not making sales, thus making the outside salesperson exemption inapplicable to them.

45. During the new-hire training period, Named Plaintiff worked more than 40 hours during each workweek.

46. During this period, Defendant paid her a base salary and an additional amount equal to the commissions she would have earned had she been the sales representative responsible for the orders submitted to the stores along the route she worked during the period.

47. However, Defendant did not pay her any additional compensation for hours worked more than 40 hours in a workweek for workweeks during her new-hire training period.

48. During Collective and Class Plaintiffs' new-hire training periods, they worked more than 40 hours during each workweek.

49. During Collective and Class Plaintiffs' new-hire training periods, Defendant paid them a base salary and an additional amount equal to the commissions they would have earned had they been the sales representatives responsible for the orders submitted to the stores along the route they worked during their training periods.

50. However, Defendant did not pay them any additional compensation for hours worked more than 40 hours in a workweek for workweeks during their new-hire training periods.

51. Accordingly, Defendant failed to pay Plaintiffs at least one and one-half times the regular rate for each hour worked more than 40 hours in a workweek in violation of the FLSA and PMWA.

52. The aforementioned conduct has caused damages to Plaintiffs.

**COUNT I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Collective Plaintiffs v. Defendant)**

53. The foregoing paragraphs are incorporated herein as if set forth in full.

54. At all times relevant herein, Defendant has been and continues to be an "employer" within the meaning of the FLSA.

55. At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

56. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were employed with Defendant as "employees" within the meaning of the FLSA.

57. Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked more than 40 hours in a workweek.

58. Defendant's violations of the FLSA include but are not limited to failing to pay Named Plaintiff and Collective Plaintiffs at least 1.5 times their regular rates for hours worked more than 40 hours in a workweek.

59. Defendant's conduct in failing to pay Named Plaintiff and Collective Plaintiffs properly is and was willful and is and was not based upon any reasonable interpretation of the law.

60. As a result of Defendant's unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

## COUNT II
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and Class Plaintiffs v. Defendant)**

61. The foregoing paragraphs are incorporated herein as if set forth in full.

62. At all times relevant herein, Defendant has and continues to be an "employer" within the meaning of the PMWA.

63. At all times relevant herein, Defendant is and was responsible for paying wages to Named Plaintiff and Class Plaintiffs.

64. At all times relevant herein, Named Plaintiff and Class Plaintiffs are and were employed with Defendant as "employees" within the meaning of the PMWA.

65. Under the PMWA, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked more than forty hours in a workweek.

66. Defendant's conduct in failing to pay Named Plaintiff and Class Plaintiffs proper overtime compensation for all hours worked more than 40 in a workweek violated the PMWA.

67. As a result of Defendant's unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

## COUNT III
## Violations of the Pennsylvania Wage Payment and Collection Law ("PWPCL")
**(Failure to Pay Wages Earned)**
**(Named Plaintiff and Class Plaintiffs v. Defendant)**

68. The foregoing paragraphs are incorporated herein as if set forth in full.

69. Defendant's conduct in failing to pay Named Plaintiff and Class Plaintiffs all wages earned under the PMWA violated the PWPCL.

70. Defendant's conduct in failing to properly pay Named Plaintiff and Class Plaintiffs is/was willful and is/was not based upon any reasonable interpretation of the law.

71. As a result of Defendant's unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs pray that this Court enter an Order providing that:

(1) Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or customs in violation of federal and state wage and hour laws;

(2) Defendant is to compensate, reimburse, and make Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings;

(3) Named Plaintiff and Collective Plaintiffs are to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the actual damages in this case;

(4) Named Plaintiff and Class Plaintiffs are to be awarded, pursuant to the PWPCL, liquidated damages in an amount 25% of their actual damages in this case;

(5) Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(6) Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded all other relief this Court deems just and proper.

(7) Named Plaintiff's, Collective Plaintiffs', and Class Plaintiffs' claims are to receive a trial by jury.

> Respectfully Submitted,
>
> *s/ Matthew D. Miller*
> Matthew D. Miller, Esq.
> Richard S. Swartz, Esq.
> Justin L. Swidler, Esq.
> **SWARTZ SWIDLER, LLC**
> 9 Tanner St. Ste 101
> Haddonfield, NJ 08033
> Phone: (856) 685-7420
> Fax: (856) 685-7417

Date: June 9, 2023

## **DEMAND TO PRESERVE EVIDENCE**

1.      Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's, Collective Plaintiffs', and Class Plaintiffs' employment, to Named Plaintiff's, Collective Plaintiffs', and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.